**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Willie Saddler Bey,

Plaintiff,

v.

Brooklyn Center Hotel, Ltd. and Remington Employers' Management Corporation, all d/b/a Holiday Inn North,

Defendants.

Civil No. 00-458 (DWF/AJB)

**ORDER**

---

Robert F. Mannella, Esq., Babcock, Neilson, Mannella, LaFleur, & Klint, 118 Main Street East, Anoka, MN 55303, counsel for Plaintiff.

Erin Lisle, Esq., Kelly & Berens, 3720 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Carol Hawkins, Esq., Stokes & Murphy, 3593 Hemphill Street, College Park, GA 30337, Anne-Marie Mizel, Esq., Mizel Law Office, 858 Kennebec Street, Pittsburgh, PA 15217, counsel for Defendants.

---

This matter is before the Court upon Defendant's Request to File a Motion for Reconsideration of the Court's most recent order vacating its May 23, 2001, Memorandum Opinion and Order, granting summary judgment for the Defendant and re-entering same on January 22, 2002, so as to reopen the time to file an appeal.

Based upon all the files, records and proceedings herein, and the Court being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED**:

FILED JAN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1. That Defendant's request to file and accompanying Motion for Reconsideration are hereby **GRANTED**;

2. That the Court's January 22, 2002, order vacating and re-entering the judgment and order previously filed on May 23, 2001, is hereby **VACATED**, and as such the judgment and order filed on May 23, 2001, shall be reinstated; and

3. That this order shall be stayed for 10 days during which the parties may submit further briefing to the Court as to why the current order should not be entered as stated.

Dated: January 24, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court is deeply concerned about the circumstances giving rise to the recent motions filed in this case. Upon the Court's review of the submissions by both parties, and its independent review of the relevant rules and case law, the Court concludes that the rules preclude the Court from vacating and re-entering its May 23, 2001, judgment and order.

Rule 77(d) of the Federal Rules of Civil Procedure provides that: "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Rule 4(a)(6)(A) of the Rules of Appellate Procedure provide that a district court may reopen the time to file an appeal only within 180 days after the order or judgment has been ordered. In light of Fed. R. Civ. P.

77(d) and Fed. R. App. P. 4(a), this Court is precluded from vacating and re-entering its May 23, 2001, judgement because Defendant learned of the judgment on January 14, 2001, more than 180 days after judgement was entered.

Perhaps recognizing the limits of Rule 77(d), Plaintiff brought his motion to vacate and re-enter judgment under Fed. R. Civ. P. 60(b), which provides relief from a judgment or order in the presence of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief. However, courts have consistently found, especially given the current reading of Fed. R. App. P. 4, that Rule 60 cannot be used to correct an issue of notice and thereby circumvent the specific application of Rule 77. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F. 3d 357, 361 (8th Cir. 1994) (holding that the specificity of Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice); *Clark v. Lavallie*, 204 F.3d 1038 (10th Cir. 2000) (concluding that Appellate Rule 4(a)(6), and thus Rule 77 by its incorporation, "trumps" Rule 60(b)); *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972) (holding Rule 60(a) does not apply to a fundamental failure of notice).

As the parties are aware, although Plaintiff's counsel failed in his responsibility to notify the Clerk of Court of the substitution of counsel, the Clerk's Office also failed to act once Plaintiff's notice of judgment was returned by post as undeliverable. Because of the unique circumstances surrounding notice in this case, the Court re-entered its judgment in the belief that the interests of justice would best be served. However, upon a deeper review of the relevant law, the Court recognizes that the rules preclude re-entry of judgment for failure of notice more than 180 days after judgment was originally entered.

Accordingly, the Court vacates its January 22, 2002, order so that its May 23, 2001, judgment and order are reinstated. The Court will stay the effect of this order for 10 days during which the Court will accept submissions from the parties, if the parties deem it necessary, on the issue of why the Court should or should not proceed as intended.

D.W.F.